NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 25 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FRANK SANES, Jr.,

        Plaintiff - Appellant,

  v.

BUDGET FINANCE COMPANY; et al.,

        Defendants - Appellees.

No. 10-56943

D.C. No. 2:10-cv-04063-DSF-FMO

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted September 10, 2012[**]

Before:    WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

    Frank Sanes, Jr., an attorney, appeals pro se from the district court's

summary judgment in his action arising from foreclosure proceedings. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo, *Pardi v. Kaiser Found.*

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Hosps.*, 389 F.3d 840, 848 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because Sanes failed to raise a genuine dispute of material fact as to whether his claims were barred by the terms of the settlement agreement in his prior state court action. *See id.* (upholding settlement agreement where plaintiff failed to establish that the agreement was procured by economic duress or any other basis that would render it invalid).

The district court did not abuse its discretion by denying Sanes' motion for reconsideration because Sanes failed to raise his contention that the settlement agreement was void as a matter of public policy in his opposition to summary judgment. *See Novato Fire Prot. Dist. v. United States*, 181 F.3d 1135, 1141 n.6 (9th Cir. 1999) ("A district court has discretion to decline to consider an issue raised for the first time in a motion for reconsideration."). Further, Sanes' failure to raise this issue in his opposition waives his right to do so on appeal. *See id.*

Sanes' appeal of the denial of his request for a temporary restraining order is moot. *See Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1450 (9th Cir. 1992) (when underlying claims have been decided, the reversal of a denial of a preliminary injunction would have no practical consequences, and the issue is therefore moot).

Sanes' contentions regarding inadequate notice before the district court granted summary judgment and the sufficiency of defendants' evidence are unpersuasive.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, nor arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**